UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW ALAN SCHROCK, JR.,

Plaintiff,

v.

CAUSE NO. 3:20-CV-245-JD-MGG

WEXFORD OF INDIANA, LLC, et al.,

Defendants.

OPINION AND ORDER

Matthew Alan Schrock, Jr., a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Schrock is an inmate in the Westville Control Unit ("WCU"). He alleges that years ago he was attacked and stabbed by another inmate, and as a result he suffers from post-traumatic stress disorder ("PTSD"). He claims that the disorder causes, among other symptoms, paranoia, sleep issues, and anxiety. He claims that he has not received proper treatment for his PTSD, and that as a result, he had a "psychotic episode," during which he caused injury to himself and "multiple IDOC custody officials." Because of this incident he was sent to long-term segregation, which he claims exacerbates his symptoms. He further claims that prison medical staff still

"refuse to diagnose the plaintiff or document that plaintiff suffers from PTSD."[1] Specifically, he claims that Monica Wala, a psychologist employed at WCU, and Dr. Eichman (first name unknown), a psychiatrist employed at WCU, have both failed to conduct adequate testing and to accurately assess his mental illness. Based on these events, he sues twelve defendants, including Dr. Wala, Dr. Eichman, the Indiana Department of Correction, IDOC Commissioner Robert Carder, the past and current wardens of WCU, Wexford of Indiana, and a host of correctional staff. He seeks monetary damages and other relief.

Under the Eighth Amendment, prisoners are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020). "To prevail on such a claim, a plaintiff must show his condition was objectively, sufficiently serious and that the prison officials manifested deliberate indifference to his serious medical needs." *Hildreth*, 960 F.2d at 426. "To be sure, negligence, gross negligence, or even recklessness as the term is used in tort cases is not enough—the prison officials' state of mind must rise to the level of deliberate indifference." *Id.* Mere disagreement with a medical provider's course of treatment does not establish deliberate indifference. *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019). At the same time, a medical professional's choice of an easier, less efficacious

---

[1] Schrock attaches a 2019 report prepared by a psychologist in connection with a criminal case initiated against him, apparently stemming from the "psychotic episode" he describes in his complaint. (ECF 1-1 at 10-15.) This psychologist was of the opinion that Schrock suffers from PTSD. (*Id.* at 15.)

2

treatment can violate the Eighth Amendment, as can persisting with a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

Giving Schrock the inferences to which he is entitled at this stage, he has alleged more than just a difference of opinion with Dr. Wala and Dr. Eichman. Specifically, he alleges that they have refused to do adequate testing and have failed to properly diagnose and treat a serious mental illness. Because of the lack of proper treatment, he alleges that he had a psychotic break, causing injury to himself and others. It appears from attachments to the complaint that Schrock has been diagnosed with some form of mental illness, and that at least at one point he was receiving psychotropic medication. Yet the complaint can be read to allege that the treatment he has received is not adequate to address his symptoms, and that his mental state is continuing to deteriorate. The court must accept his allegations as true at this stage. He will be permitted to proceed against these two defendants.

As for Wexford of Indiana ("Wexford"), a private company may be held liable for constitutional violations when it performs a state function. *See West v. Atkins*, 487 U.S. 42 (1988); *Hildreth*, 960 F.3d at 422. However, there is no general *respondeat superior* liability under section 1983, and Wexford cannot be held liable solely because it employs the medical staff that treated Schrock. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company may also be held liable under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but there is no factual content in the complaint from which it can be plausibly inferred that Wexford had an official policy or widespread practice of refusing to treat inmates' mental illnesses. *See Hildreth*, 960 F.3d

3

at 426-27. Nor is there any indication that it was a policy that caused Schrock's injury. Rather, he describes individual failings by the two mental health professionals providing his treatment. Wexford will be dismissed.

As for the other defendants, the IDOC is not a "person" within the meaning of section 1983 and cannot be sued for monetary damages in federal court. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). As noted above, there is no general *respondeat superior* liability under section 1983, and the wardens and other high-ranking IDOC officials cannot be sued for monetary damages simply because they oversee operations within the department. *J.K.J.*, 960 F.3d at 377; *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Schrock names a host of prison staff—including the deputy warden, correctional officers, an administrative assistant, and a grievance officer—alleging generally that they, too, had knowledge of his mental health problems. Knowledge alone is not enough to hold a defendant liable under section 1983. As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care . . . . That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

4

*Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). There is nothing in the complaint from which it can be plausibly inferred that any of these defendants held responsibility for diagnosing or selecting a treatment for an inmate's mental illness, that they created the situation involving the lack of proper medical treatment, or that they stood in the way of its resolution. "The most one can say is that [they] did nothing, when [they] might have gone beyond the requirements of [their] job and tried to help him." *Id.* at 596. This does not state a claim under section 1983. *Id.*

As a final matter, the complaint can be read to allege that Schrock has an ongoing need for additional mental health treatment. Schrock's current custodian, the warden at WCU, is "a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Schrock will be permitted to proceed against Warden John Galipeau in his official capacity to obtain permanent injunctive relief related to the provision of constitutionally adequate medical care for his mental illness.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Monica Wala and Dr. Eichman (first name unknown) in their personal capacities on a claim for monetary damages under the Eighth Amendment for failing to provide adequate treatment for plaintiff's mental illness;

(2) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity for permanent injunctive relief related to the provision of constitutionally adequate medical care for his mental illness;

(3) DISMISSES all other claims;

(4) DISMISSES Wexford of Indiana, Robert E. Carter, Mark Sevier, Executive Assistant Leonard, Kenneth Gann, John Harvil, John L. Salyer, DeAngela Lewis, Dick Usdowski, and M. Boren;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Dr. Monica Wala, Dr. Eichman, and Warden John Galipeau, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Monica Wala, Dr. Eichman, and Warden John Galipeau to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 6, 2020

    /s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT